NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ETHAN E. PRINTEMPS-HERGET, | No. 22-35230 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00476-MO |
| v. | |
| MEGAN J. BRENNAN, Postmaster General, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Senior District Judge, Presiding

Submitted March 20, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Ethan E. Printemps-Herget appeals pro se the district

court's dismissal of his disability discrimination claims based on his termination

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from the United States Postal Service (USPS) in December 2014.[1] We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

At a 2020 pretrial conference, the district court allowed Printemps-Herget, over the Postmaster General's objection, to modify his theory of the case from one of actual hamstring disability to one based on a "record of" or being "regarded as" having a hamstring disability.  However, the modification was premised on Printemps-Herget's production of a 2013 Equal Employment Opportunity Complaint (2013 EEO Complaint) from a different USPS station, which allegedly contained mention of his hamstring injury, and Printemps-Herget's ability to demonstrate that his supervisors had knowledge of the complaint.  After Printemps-Herget did not comply with the court's instruction to produce the 2013 EEO Complaint and did not produce any other evidence to prove that his supervisors believed he had a record of disability, the district court dismissed the case for "not having evidence on which a rational jury could rely to support any of the claims."

The district court properly dismissed the case.  Printemps-Herget abandoned his actual disability claim, leaving only the "record of" and "regarded as" theories

---

[1] Printemps-Herget also raises concerns with pre-trial discovery procedures, that he could not name individual USPS employees as defendants, and the effectiveness of his pro bono counsel in district court.  However, these issues are not properly before the court where Printemps-Herget concedes that he only challenges "the decision to dismiss the case before trial."

to proceed to trial.  But without the 2013 EEO Complaint, Printemps-Herget offered no evidence that those involved in his termination ever perceived him as having a history of disability.  *See K.D. ex rel. C.L. v. Dep't of Educ., Haw.*, 665 F.3d 1110, 1117 (9th Cir. 2011) (establishing appellant's burden on appeal).

**AFFIRMED.**